NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 12 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RUMEI HUANG,<br><br>     Petitioner,<br><br> v.<br><br>MATTHEW G. WHITAKER, Acting<br>Attorney General,<br><br>     Respondent. | No. 16-72269<br><br>Agency No. A087-957-139<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 10, 2018**
University of Hawaii Manoa

Before: WARDLAW, BERZON, and RAWLINSON, Circuit Judges.

Rumei Huang (Huang), a native and citizen of China who resides in the

Commonwealth of Northern Mariana Islands (CNMI), petitions for review of the

Board of Immigration Appeals' (BIA) decision affirming the Immigration Judge's

(IJ) finding of removability under U.S.C. § 1182(a)(7)(A)(i)(I) and denial of

---

   *   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

   **   The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

administrative closure.  We have jurisdiction pursuant to 8 U.S.C. § 1252.  We review factual findings for substantial evidence. *Ming Dai v. Sessions*, 884 F.3d 858, 866 (9th Cir. 2018).  We deny the petition for review.

1.     Substantial evidence supports the BIA's finding that Huang is removable.  Huang argues that a CNMI umbrella permit would have given her lawful status under 48 U.S.C. § 1806(e)(1), and thus would have precluded institution of removal proceedings in August, 2010, and a finding of removability in September, 2011.  We need not determine whether an umbrella permit precludes removal under § 1182(a)(7)(A)(i)(I).  Even assuming it does, Huang submitted no evidence that she had obtained such an umbrella permit.  Huang submitted evidence showing only that she had applied for an umbrella permit, but not that one was ever approved or granted.  Huang, therefore, did not meet her burden to show admissibility under 8 U.S.C. § 1182(a)(7)(A)(i)(I).

2.     The BIA did not err in denying Huang administrative closure pending adjudication of her U.S. citizen spouse's visa petition.  Substantial evidence supports the finding that Huang was ineligible for adjustment of status, as she had not been admitted or paroled into the United States.  Even if an individual with a valid CNMI umbrella permit would have been eligible for adjustment of status, Huang did not show that she had obtained an umbrella permit.

**PETITION DENIED.**